MARGARET McGORAN, Ex'x., vs. N. Y., N. H. & H. R. R. Co.

PROVIDENCE—AUGUST 8, 1903.

PRESENT: Stiness, C. J., Douglas and Johnson, JJ.

(1) *Railroads. Public Highways. Flagmen. Negligence.*

Public Laws cap. 834, of May 2, 1890, provides that no highway shall be laid out or built across any railroad track at grade, except by the consent of the railroad commissioner, expressed in writing.

Gen. Laws cap. 187, § 47, provides that every railroad corporation shall cause flagmen to be placed wherever railroads cross public highways, whenever in the opinion of the town council it is necessary for the safety of the public.

In 1893 a street, crossing a railroad at grade, was laid out as a public highway by the city of Pawtucket.

In 1899 the consent of the railroad commissioner was asked thereto and refused. In 1896 the city council of Pawtucket ordered that flagmen should be provided at all grade crossings within the city limits.

In an action charging negligence in not having a flagman at the crossing in question:—

*Held*, that, as the establishment of a public highway across the railroad at grade could only be made with the consent of the railroad commissioner, the railroad company was under no obligation to maintain a flagman at the crossing.

(2) *Negligence. Due Care. Contributory Negligence.*

Where it appears that the view of the railroad track from a crossing was clear for 1,700 feet in the direction from which the train causing the injury was coming, and that from a point 50 feet back from the fence on the street approaching the crossing the view was unobstructed for 600 feet; that when the whistle was blown, 200 feet away, plaintiff was 20 feet or more from the track; that he did not stop, look, or listen, but drove along until the wagon was struck, due care is not shown.

TRESPASS ON THE CASE for negligence. Heard on petition of plaintiff for new trial, and petition denied.

JOHNSON, J. This is an action of trespass on the case for negligence, brought by William McGoran, in his lifetime, against the New York, New Haven & Hartford Railroad

Company, for damages for injuries received by him on the 18th day of November, 1899, while crossing a track of the defendant in Pawtucket, in consequence of his wagon being struck by a train owned and operated by the defendant.

On the second day of August, 1901, the plaintiff died, and the executrix of his will thereupon entered her appearance in the case.

At the trial of the case, the presiding justice, on the conclusion of the plaintiff's testimony, directed the jury to return a verdict for the defendant.

The evidence shows that at the time the railroad was built, in 1875, the way which is now Webster street, with the land through which it ran, belonged to Terrence Daly, who in his conveyance to the railroad company reserved a right to himself, his heirs, and assigns, to use this way over the tracks which were to be laid down by the railroad company; that Daly sold lots to people along the street, and these people used the way; that in 1893 the street was laid out as a highway by the city of Pawtucket.

(1)    Chapter 834 of the Public Laws, passed May 2, 1890, provides: "Section 2. From and after the passage of this act, no railroad corporation shall lay out or build its road, or lay its tracks across any railroad, street, highway, turnpike, or traveled way at grade, and no street, highway, turnpike, or road shall be laid out or built across any railroad track at grade, except by the consent of the railroad commissioner thereto, expressed in writing: *Provided*, that if said railroad commissioner shall refuse to consent to any such crossing at grade, an appeal may be taken therefrom to the supreme court sitting *en banc*, of the county wherein said proposed grade crossing is located, and the decision of said court shall be final."

There is no evidence that the consent of the railroad commissioner was given to the establishment of a grade crossing at the place in question, or that his consent to the same was ever asked until June, 1899; and it appears that, after a hearing, the railroad commissioner, on December 30th, 1899, refused such consent. The evidence is that the crossing was used by Daly and his assigns, and by others, from the time the

railroad was built to the time of the accident; that there were fences partly across the street on each side of the railroad, with gates, said gates being from ten to fourteen feet in length, sufficient to admit of the passage of only one team at a time; that these gates were usually open, but were occasionally shut; that there was a plank on each side of the outside rails.

There was also evidence that an order was made October 21st, 1896, by the city council of Pawtucket, that flagmen should be provided at all grade crossings within the city limits.

The plaintiff contends that the company was negligent in not having a flagman at the crossing in compliance with the order of the city council.

The statute then in force, chapter 187 of the General Laws, provided: "Section 47. Every railroad corporation, or trustees of such corporation, operating a railroad within the state, shall cause flagmen to be placed wherever railroads cross public highways, whenever in the opinion of the town council it is necessary for the safety of the public."

This, however, applied only to crossings over public highways. The establishment of a public highway across the railroad at grade could only be made with the consent of the railroad commissioner, expressed in writing. In the absence of such consent, the railroad company would be under no obligation to maintain a flagman at the crossing.

(2)    The testimony, however, fails to show due care on the part of William McGoran at the time of the accident. It appears that the view of the railroad track from the crossing was clear and unobstructed for a distance of 1,700 feet in the direction from which the train was coming, and that from a point 50 feet back from the fence, on the street as he approached the crossing, the view of the track was unobstructed for 600 feet; also that when the whistle blew at Coyle avenue, about 200 feet away, he was 20 feet or more from the track on which the team was struck; that he did not stop, look, or listen, but drove right along until the wagon was struck.

The verdict for the defendant was therefore rightly directed.

Petition for new trial denied, and case remanded to the Common Pleas Division with direction to enter judgment upon the verdict.

*Hugh J. Carroll,* for plaintiffs.

*David S. Baker and Lewis A. Waterman,* for defendant.